**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **HUNTINGTON DISTRIBUTION FINANCE, INC. a Minnesota corporation,**<br><br>**Plaintiff,**<br>**s**<br>**v.**<br><br>**VEY'S POWERSPORTS, INC., a California corporation,**<br><br>**ROBERT L. ROSENBERG, an individual,**<br><br>**VICKY C. ROSENBERG, an individual,**<br><br>**and**<br><br>**STEPHEN CAVADIAS, an individual,**<br><br>**Defendant.** | **)** | **Case No. 1:26-cv-2034** |

## COMPLAINT

COMES NOW Plaintiff Huntington Distribution Finance, Inc. ("HDF"), by and through counsel, and hereby submits its Complaint against Vey's Powersports, Inc. ("Borrower") and Robert L. Rosenberg ("Mr. Rosenberg") Vicky C. Rosenberg ("Mrs. Rosenberg"), and Stephen Cavadias ("Mr. Cavadias") ("Guarantors" and with Borrower, the "Defendants"). In support, HDF states as follows:

## PARTIES, JURISDICTION AND VENUE

1. HDF is a corporation incorporated under the laws of the State of Minnesota with its principal place of business in the State of Illinois. Accordingly, HDF is a citizen of the States of Minnesota and Illinois.

2. HDF is a commercial lender that, at all relevant times, provided financing to Borrower.

3. Borrower is a corporation organized under the laws of California with a principal place of business at 690 North Second Street, El Cajon, California 92021. Borrower is a citizen of the State of California.

4. Mr. Rosenberg is an individual domiciled in California and is a citizen of the State of California.

5. Mrs. Rosenberg is an individual domiciled in California and is a citizen of the State of California.

6. Mr. Cavadias is an individual domiciled in California and is a citizen of the State of California.

7. This Court has jurisdiction over this civil action under 28 U.S.C. § 1332(a) because complete diversity of citizenship exists between the parties and the matter in controversy, exclusive of interest and costs, exceeds $75,000.00.

8. Venue properly lies in this Court because Borrower and Guarantor consented to the jurisdiction of the courts in Illinois, and HDF's principal place of business is located in this district. *See* Ex. 1, ¶ 15 and Exhibits 2, 3 and 4, p. 2.

**BACKGROUND**

**Loan and Security Documents**

9. On or about February 3, 2025, ("Borrower") and HDF entered into an Inventory Security Agreement (the "Security Agreement") whereby HDF agreed to finance Borrower's acquisition of inventory in the ordinary course of business. A true and accurate copy of the Security Agreement is attached hereto as **Exhibit 1** and incorporated by reference herein.

10. Pursuant to the terms of the Security Agreement, Borrower granted HDF a security interest in certain inventory and other personal property (the "Collateral").

11. On or about February 3, 2025, Mr. Rosenberg entered into a Guaranty (the " Mr. Rosenberg Guaranty") whereby he unconditionally guaranteed the prompt and punctual payment of all obligations of Borrower in favor of HDF. A true and accurate copy of the Mr. Rosenberg Guaranty is attached hereto as **<u>Exhibit 2</u>** and incorporated by reference herein.

12. On or about February 3, 2025, Mrs. Rosenberg entered into a Guaranty (the " Mrs. Rosenberg Guaranty") whereby she unconditionally guaranteed the prompt and punctual payment of all obligations of Borrower in favor of HDF. A true and accurate copy of the Mrs. Rosenberg Guaranty is attached hereto as **<u>Exhibit 3</u>** and incorporated by reference herein.

13. On or about February 3, 2025, Mr. Cavadias entered into a Guaranty (the " Mr. Cavadias Guaranty") whereby he unconditionally guaranteed the prompt and punctual payment of all obligations of Borrower in favor of HDF. A true and accurate copy of the Mr. Cavadias Guaranty is attached hereto as **<u>Exhibit 4</u>** and incorporated by reference herein

14. The Guaranties and Security Agreement are sometimes hereinafter collectively referred to as the "Loan and Security Documents."

**<u>Defaults Under Loan and Security Documents</u>**

15. Under the terms of the Loan and Security Documents, Borrower promised to remit payments when and as due according to the terms of the Security Agreement, including as follows:

> [Borrower] shall pay [HDF] the amount of any Advance made to finance the acquisition of any item of Prime Inventory immediately upon the earlier of (i) the sale, transfer, rental, lease or other disposition of such item (and shall hold the entire sale or disposition proceeds therefrom IN TRUST for [HDF] until paid to [HDF]…); (ii) the "**Due in Full**" date with respect to such Advance, as provided for in the [Security] Agreement; or (iii) the date such item is damaged, lost or destroyed or is returned to a Seller without [HDF's] consent or is otherwise not located at a Permitted Location.

*See* Ex. 1, ¶ 6(b).

16. In breach of the Security Agreement, Borrower failed to make required payments to HDF. In particular, Borrower sold inventory but failed to remit payment to HDF as required.

17. Borrower's failure to make required payments is an event of default under the terms of the Loan and Security Documents, including the Guaranties.

18. On or about January 2, 2026, HDF sent a Notice of Default letter to Borrower and Guarantors. This letter notified Borrower and Guarantors of the default and demanded that the past due amount of $252,563.26 be paid by no later than January 9, 2026. A true and accurate copy of the Notice of Default is attached hereto as **Exhibit 5** and is incorporated by reference herein.

19. On January 13, 2026, HDF sent a notice of Acceleration of Indebtedness to Borrower and Guarantor and demanded payment of $1,019,973.36 representing the principal owed as of December 31, 2025. A true and accurate copy of the Acceleration Notice is attached as **Exhibit 6** and is incorporated by reference herein.

20. Borrower and Guarantor failed to make payment of the obligations owed.

21. Borrower did surrender the collateral to HDF, and HDF disposed of the Collateral in a commercially reasonable sale and applied the proceeds to the outstanding indebtedness.

22. As of January 31, 2026, the total deficiency owed was $373,302.09, consisting of $359,981.47 in principal and $13,320.62 in interest, with interest continuing to accrue.

23. As a result of Borrower's and Guarantors' breaches, HDF has sustained damage in an amount not less than $373,302.09 plus interest after January 31, 2026.

24. The Security Agreement provides that Borrower shall be responsible for the payment of HDF's attorneys' fees. Legal expenses and other costs and expenses incurred by HDF in its enforcement of its collections rights. Ex. 1, ¶ 20(c).

25. The Guaranties provide that the Guarantors shall be responsible for the payment of HDF's attorneys' fees, legal expenses and other costs and expenses incurred by HDF in its enforcement of its collection rights. *See* Ex. 2, 3 and 4 at p.1.

**COUNT I**
**(BREACH OF CONTRACT – VEY'S POWERSPORT, INC.)**

For Count I of its Complaint against Vey's Powersport, Inc., HDF states as follows:

26. HDF hereby incorporates by reference in this paragraph 26, and realleges as if the same were fully set forth herein, the allegations contained in paragraphs 1 through 25 of this Complaint.

27. The Security Agreement constitutes a valid and binding contract, enforceable against Borrower in accordance with its terms.

28. Borrower is in breach of its obligations under the terms of the Security Agreement for, among other things, failing to make required payments to HDF.

29. Despite demand by HDF made upon Borrower, Borrower failed to pay the obligations owed to HDF.

30. All conditions precedent to Borrower's performance in making payment have been satisfied by HDF.

31. Borrower continues in breach of the Security Agreement by failing to pay the entire balance due thereunder.

32. As of January 31, 2026, HDF has been damaged by Borrower's breach of the Security Agreement in an amount not less than $373,302.09, plus additional interest accruing thereon and HDF's attorneys' fees and expenses.

WHEREFORE, HDF respectfully requests this Court enter Judgment against Vey's Powersport, Inc. on Count I as follows:

(a) Awarding damages to HDF in the amount of not less than $373,302.09 plus additional interest accruing after January 31, 2026;

(b) Awarding damages to HDF in the amount of HDF's expenses, reasonable attorneys' fees, and other costs of collection incurred; and

(c) Granting such other and further relief as the Court deems just and proper.

**COUNT II**
**(BREACH OF CONTRACT – ROBERT L. ROSENBERG)**

For Count II of its Complaint against Robert L. Rosenberg, HDF states:

33. HDF hereby incorporates by reference in this paragraph 33, and realleges as if the same were fully set forth herein, the allegations contained in paragraphs 1 through 32 of this Complaint.

34. Mr. Rosenberg is a guarantor of the Borrower's indebtedness pursuant to the Mr. Rosenberg Guaranty whereby he unconditionally guaranteed the prompt and punctual payment of all obligations in favor of HDF from Borrower, including the obligations under the Security Agreement.

35. Borrower is in default of the terms of the Security Agreement and owes HDF the aggregate amount of $373,302.09, plus interest and expenses accruing thereon.

36. Pursuant to the terms of the Mr. Rosenberg Guaranty, Mr. Rosenberg is personally liable for all amounts due and owing to HDF from Borrower, including accruing interest,

attorneys' fees and court and collection costs incurred by HDF in its efforts to collect the amounts due and owing.

37. Despite demand, Mr. Rosenberg has failed to pay the amounts due and owing by Borrower to HDF.

38. All conditions precedent to Mr. Rosenberg's performance in making payment have been satisfied by HDF.

39. Mr. Rosenberg remains in breach of the Mr. Rosenberg Guaranty for failing to pay all amounts owed by Borrower to HDF.

40. HDF has been damaged by Mr. Rosenberg's breach of the Mr. Rosenberg Guaranty in an amount not less than $373,302.09.

41. In addition, under the terms of the Mr. Rosenberg Guaranty, Mr. Rosenberg is liable to HDF for all attorneys' fees and expenses incurred in collecting the amounts due by Borrower and Guarantor.

WHEREFORE, HDF respectfully requests this Court enter Judgment against Robert L. Rosenberg on Count II as follows:

(a) Awarding damages to HDF in the amount of not less than $373,302.09, plus additional interest accruing after January 31, 2026;

(b) Awarding damages to HDF in the amount of HDF's expenses, reasonable attorneys' fees, and other costs of collection incurred; and

(c) Granting such other and further relief as the Court deems just and proper.

**COUNT III**
**(BREACH OF CONTRACT – VICKY C. ROSENBERG)**

For Count III of its Complaint against Vicky C. Rosenberg, HDF states:

42. HDF hereby incorporates by reference in this paragraph 42, and realleges as if the same were fully set forth herein, the allegations contained in paragraphs 1 through 32 of this Complaint.

43. Mrs. Rosenberg is a guarantor of the Borrower's indebtedness pursuant to the Mrs. Rosenberg Guaranty whereby she unconditionally guaranteed the prompt and punctual payment of all obligations in favor of HDF from Borrower, including the obligations under the Security Agreement.

44. Borrower is in default of the terms of the Security Agreement and owes HDF the aggregate amount of $373,302.09, plus interest and expenses accruing thereon.

45. Pursuant to the terms of the Mrs. Rosenberg Guaranty, Mrs. Rosenberg is personally liable for all amounts due and owing to HDF from Borrower, including accruing interest, attorneys' fees and court and collection costs incurred by HDF in its efforts to collect the amounts due and owing.

46. Despite demand, Mrs. Rosenberg has failed to pay the amounts due and owing by Borrower to HDF.

47. All conditions precedent to Mrs. Rosenberg's performance in making payment have been satisfied by HDF.

48. Mrs. Rosenberg remains in breach of the Mrs. Rosenberg Guaranty for failing to pay all amounts owed by Borrower to HDF.

49. HDF has been damaged by Mrs. Rosenberg's breach of the Mrs. Rosenberg Guaranty in an amount not less than $373,302.09.

50. In addition, under the terms of the Mrs. Rosenberg Guaranty, Mrs. Rosenberg is liable to HDF for all attorneys' fees and expenses incurred in collecting the amounts due by Borrower and Guarantor.

WHEREFORE, HDF respectfully requests this Court enter Judgment against Vicky C. Rosenberg on Count III as follows:

(a) Awarding damages to HDF in the amount of not less than $373,302.09, plus additional interest accruing after January 31, 2026;

(b) Awarding damages to HDF in the amount of HDF's expenses, reasonable attorneys' fees, and other costs of collection incurred; and

(c) Granting such other and further relief as the Court deems just and proper.

**COUNT IV**
**(BREACH OF CONTRACT – STEPHEN CAVADIAS)**

For Count II of its Complaint against Stephen Cavadias, HDF states:

51. HDF hereby incorporates by reference in this paragraph 51, and realleges as if the same were fully set forth herein, the allegations contained in paragraphs 1 through 32 of this Complaint.

52. Mr. Cavadias is a guarantor of the Borrower's indebtedness pursuant to the Mr. Cavadias Guaranty whereby he unconditionally guaranteed the prompt and punctual payment of all obligations in favor of HDF from Borrower, including the obligations under the Security Agreement.

53. Borrower is in default of the terms of the Security Agreement and owes HDF the aggregate amount of $373,302.09, plus interest and expenses accruing thereon.

54. Pursuant to the terms of the Mr. Cavadias Guaranty, Mr. Cavadias is personally liable for all amounts due and owing to HDF from Borrower, including accruing interest,

attorneys' fees and court and collection costs incurred by HDF in its efforts to collect the amounts due and owing.

55. Despite demand, Mr. Cavadias has failed to pay the amounts due and owing by Borrower to HDF.

56. All conditions precedent to Mr. Cavadias' performance in making payment have been satisfied by HDF.

57. Mr. Cavadias remains in breach of the Mr. Cavadias Guaranty for failing to pay all amounts owed by Borrower to HDF.

58. HDF has been damaged by Mr. Cavadias' breach of the Mr. Cavadias Guaranty in an amount not less than $373,302.09.

59. In addition, under the terms of the Mr. Cavadias Guaranty, Mr. Cavadias is liable to HDF for all attorneys' fees and expenses incurred in collecting the amounts due by Borrower and Guarantor.

WHEREFORE, HDF respectfully requests this Court enter Judgment against Stephen Cavadias on Count IV as follows:

(a) Awarding damages to HDF in the amount of not less than $373,302.09, plus additional interest accruing after January 31, 2026;

(b) Awarding damages to HDF in the amount of HDF's expenses, reasonable attorneys' fees, and other costs of collection incurred; and

(c) Granting such other and further relief as the Court deems just and proper.

Dated: February 23, 2026

Respectfully submitted,

HUNTINGTON DISTRIBUTION FINANCE, INC.

By: */s/ Janki Patel*

William R. Bay (6181670)
Brian W. Hockett (6281854)
THOMPSON COBURN LLP
One U.S. Bank Plaza, Suite 2700
St. Louis, MO 63101
314-552-6008/FAX 314-552-7008
wbay@thompsoncoburn.com

Janki Patel (6342569)
THOMPSON COBURN LLP
55 East Monroe Street, 37th Floor
Chicago, IL 60603
312-580-5080/FAX 312-580-2201
jpatel@thompsoncoburn.com
Firm ID: 48614

*Attorneys for Plaintiff*
*HUNTINGTON DISTRIBUTION FINANCE, INC.*